# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Acquanda Barcliff,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Regional Management Corp.,<br><br>　　　　　　Defendant. | Civil Action No. 8:09-2018-RBH-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

　　This matter is before the Court on the defendant's motion for entry of default [Doc. 33] and the plaintiff's motion for voluntary dismissal [Doc. 38], pursuant to Federal Rule of Civil Procedure 41(a). The defendant does not oppose the plaintiff's request to voluntarily dismiss her case, as long as her claims are dismissed *with prejudice*, and the defendant's counterclaims are dismissed *without prejudice*.

　　Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

　　A plaintiff may voluntarily dismiss an action as of right and without consent of the court either by stipulation of all parties or unilaterally if the defendant has not yet filed an answer or motion for summary judgment. *See* Fed. R. Civ. P. 41(a)(1). Otherwise, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Because the defendant does not consent and because it has appeared by way of an Answer, the matter is governed by subsection 41(a)(2). The matter is within the sound discretion of the court, and the traditional principal governing the exercise of discretion is to allow the dismissal "unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Burgess v. Atlantic Coast Line Railway Co.*, 39 F.R.D. 588, 592 (D.S.C. 1966).

Additionally, in deciding a Rule 41(a) motion, a court should consider factors such as: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay and lack of diligence on the part of the movant; (3) insufficient explanation of the need for a voluntary dismissal, and (4) the present stage of litigation. *Miller v. Terramite Corp.*, 114 Fed. Appx. 536, 539 (4th Cir. 2004) (quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir.1996)).

Upon consideration, these factors weigh in favor of granting the plaintiff's request to dismiss her Complaint. The case is not far advanced. The Complaint was filed in July 2009. [Doc. 1.] The defendant responded with an Answer and Counterclaim on September 4, 2009. [Doc. 15.] The defendant's motion for entry of default was filed on October 29, 2009. [Doc. 33.] The plaintiff moved to voluntarily dismiss the case on December 18, 2009. [Doc. 38.] There is no accusation or indication that the plaintiff has purposefully or strategically delayed in seeking the dismissal.

The Court is not unsympathetic to the defendants profession that some expense has been incurred and, further, that it has participated above board in its dealings with the plaintiff. Notwithstanding, it is indisputable that the case is not old. The fact that the defendant had to defend itself at the administrative stage does not seem overly compelling. The consequences which seem most relevant to whether this present lawsuit has imposed some excessive delay, waste, or cost would seem to be largely limited to those inconveniences actually suffered since the filing of the Complaint and not before. The defendant has not suggested that it will suffer any legal prejudice as a result of any dismissal without prejudice to the plaintiff's ability to refile her claims. *See Burgess*, 39 F.R.D. at 592.

In contrast, the plaintiff has confessed that she is in over her head and that she had hoped to secure counsel. It seems unnecessarily harsh to decide her case, effectively on

2

the merits, for what, in the scheme of reasonably anticipated business litigation expense, is fairly minor for the defendant. Again, that is not to minimize the defendant's trouble. The Court would simply conclude that the plaintiff's interest in her legal claim, at this early stage of litigation, is superior to the defendant's opposite right to be free from unnecessary expense and burden.

Based on the foregoing and in the Court's discretion, it is recommended that this action be dismissed *without prejudice* pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Moreover, even to the extent the defendant has not consented to dismissal of its own counterclaims under circumstances where the plaintiff's claims are dismissed *without prejudice*, the undersigned would recommend that the district court decline to exercise supplemental jurisdiction over such counterclaims of the defendant, which are admittedly and only state law in kind. *See* 28 U.S.C. § 1367(c); *see, e.g., Patterson v. City of Columbia*, 2003 WL 23901761, at *5 (D.S.C. Dec 29, 2003) ("Patterson has raised various state law claims against all Defendants. Because the federal claims must be dismissed, the court declines to exercise jurisdiction over the remaining state law claims.") The defendant's counterclaims should also be dismissed *without prejudice*, therefore.

For largely the same type of considerations, the Court would not recommend any entry of default be made against the plaintiff. Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). No entry of default has been made in this case and the plaintiff has participated actively, otherwise. Not that it is any formal excuse but it is plainly the same lack of expertise which prompted her request to dismiss that accounts for her failure to respond to the counterclaims of the defendant, in the first instance. There is no real

3

prejudice to the defendant for her inadvertence. She has not exhibited a history of negligence or dereliction in this regard. As soon as she was aware of the oversight and her inability to handle the case she moved to dismiss it. It seems improvident to pile on by proceeding to enter default or consider judgment against her, under the circumstances. The Court's of this circuit prefer to resolve any doubts regarding default in favor of hearing a dispute on its merits. *See Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). These matters are "committed to the sound discretion of the trial court" and should only be disturbed upon a finding of an abuse of discretion. *See Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir.1987); *see also Williams v. Blitz*, 226 F.2d 463 (4th Cir.1955); *Papagianakis v. The Samos*, 186 F.2d 257, 263 (4th Cir.1950). For all these reasons, the defendant's motion for entry of default is DENIED.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is RECOMMENDED that the plaintiff's motion for voluntary dismissal [Doc. 38] be GRANTED and her claims dismissed *without prejudice*. The Court further recommends that the district court decline to exercise supplemental jurisdiction and that the defendant's claims should be dismissed *without prejudice* as well. Lastly, it is RECOMMENDED that the defendant's motion for entry of default [Doc. 33] should be DENIED.

IT IS SO RECOMMENDED.

            s/Bruce Howe Hendricks
            United States Magistrate Judge


February 23, 2010
Greenville, South Carolina